Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013; Bank of Niagara v. Talbot, 110 App. Div. 519, 96 N. Y. Supp. 976; Matter of Harris, 61 Misc. Rep. 563, 116 N. Y. Supp. 270.

It has not been possible to discern in the will or codicil here presented any purpose that the widow should not receive the income from her husband's death, and it should be paid to her.

Decreed accordingly.

---

(68 Misc. Rep. 283.)

### In re McCARTY'S WILL.

(Surrogate's Court, Kings County.   June, 1910.)

COURTS (§ 202*)—SURROGATE'S COURT—SETTLEMENT OF CASE—RULINGS ON FACTS AND CONCLUSIONS OF LAW.

    Under Code Civ. Proc. § 2545, a Surrogate's Court may make findings of fact or rulings on questions of law on request therefor, on settlement of a case on appeal, at any time before the case is certified by the judge's signature.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 202.*]

In the matter of the probate of the last will of Sara A. McCarty. Decree rendered.

See, also, 124 N. Y. Supp. 1120.

John C. Judge, for the motion.

Everett Greene (Charles H. Beckett, of counsel), opposed.

KETCHAM, S.   It is provided that, in this court:

"Either party may, upon the settlement of a case, request a finding upon any question of fact, or a ruling upon any question of law." Code Civ. Proc. § 2545.

The proposed case has been presented, with the amendments proposed thereto, and the amendments and the case have been marked according to the disposition intended by the court.   Thereafter the appellants request findings upon questions of fact and rulings upon questions of law.   It is contended by the respondent that such requests cannot be considered.

This argument can only prevail if it can properly be said that the case on appeal was settled before the requests were made.   The mere disposition of amendments or the correction of the case upon its face is not the settlement.   Strict practice—and this is a case for strictness—requires that the case in its final form shall be certified as settled by the judge's signature.

The requests have been passed upon.

Decreed accordingly.